NOT DESIGNATED FOR PUBLICATION

Nos. 115,748
115,749
115,750
115,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

APRIL LYNN NGUYEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH HERNANDEZ MITCHELL, judge. Opinion filed June 9, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Croup LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

*Per Curiam*: The facts in this consolidated appeal are somewhat convoluted. They involve four different cases with varying charges in each. But the underlying legal analysis is not nearly so convoluted.

In October 2014, April Lynn Nguyen pled guilty to felony theft in case No. 14CR1694. The district court sentenced her to 11 months in prison but granted her probation for 12 months.

1

In February 2015, the State charged Nguyen in case No. 15CR437 with felony theft, possession of marijuana, and possession of drug paraphernalia

In early March 2015, the district court issued a warrant for Nguyen's arrest for violating her probation by committing these new crimes, by failing to pay court costs and fines, and by failing to provide proof that she was employed full-time or looking for work.

Less than 1 week later, the State charged Nguyen with felony theft in yet another case, case No. 15CR752.

At a hearing in late March 2015, Nguyen pled guilty to the charged crimes in case Nos. 15CR437 and 15CR752.

In May 2015, the district court held a joint probation revocation and sentencing hearing. The court revoked, reinstated, and extended Nguyen's probation for 12 months. The court sentenced her to consecutive prison terms of 12 months in case No. 15CR437 and 5 months in case No. 15CR752. The court also ordered her to remain in custody until she could be admitted to the Women's Recovery Center for inpatient treatment.

In August 2015, in case No. 15CR2426, the State charged Nguyen with more crimes: aggravated burglary and felony theft. The court issued another probation violation arrest warrant for failing to pay court costs and restitution, for using methamphetamine, and for committing the new crimes of aggravated burglary and theft.

In December 2015, at her plea hearing, Nguyen pled guilty to the new burglary and theft charges in case No. 15CR2426.

2

In February 2016, the district court held another joint probation revocation and sentencing hearing. The court found that Nguyen violated her probation under K.S.A. 2016 Supp. 22-3716(c)(8) by committing these new crimes, revoked her probation, and imposed her underlying prison sentence. The court then sentenced her to a controlling 25-month prison term in case No. 15CR2426 to be served consecutively to her underlying 22-month prison sentence in case Nos. 14CR1694, 15CR437, and 15CR752.

Nguyen appeals. She contends the district court abused its discretion (1) in revoking her probation and imposing her underlying prison sentence and (2) in ordering her prison sentence in case No. 15CR2426 to be served consecutively to her underlying prison sentences in case Nos. 14CR1694, 15CR437, and 15CR752.

On Nguyen's first claim of error involving the revocation of her probation and imposition of her underlying prison sentence, we note the oft-repeated principles that unless required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has established that a probation violation has occurred, whether to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or because it was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). Nguyen does not contend that the district court's action was based on an error of law or fact. She has the burden of proving the district court's claimed abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

After Nguyen's initial probation violations, the district court showed leniency by giving her a chance at rehabilitation. But she continued to break the law, committing burglary and another theft. In light of Nguyen's successive violations, there was no

3

indication that Nguyen was likely to abide by the law or to comply with the conditions of her probation in the future. Accordingly, we find no abuse of the district court's discretion by revoking Nguyen's probation and imposing her underlying prison sentence.

On Nguyen's second claim that the district court abused its discretion in ordering her prison sentence to be served consecutively, she claims that K.S.A. 2016 Supp. 21-6819 gave the district court discretion to impose concurrent or consecutive sentences. But, she argues, in imposing her sentence, the district court failed to make any findings as to how the imposition of consecutive sentences might serve to protect the public or serve the purposes of rehabilitation, deterrence, or punishment. She concludes that the imposition of consecutive sentences was "undoubtedly unreasonable" given that her actions were "fueled by substance abuse and mental health problems" and that she had a supportive family.

But K.S.A. 2016 Supp. 21-6819 pertains to sentencing in multiple conviction cases. Here, we have consecutive sentences in *separate* cases. The applicable statute, K.S.A. 2016 Supp. 21-6606(c), provides: "Any person who is convicted and sentenced for a crime committed while on probation . . . for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation." Because Nguyen was serving probation in case Nos. 14CR1694, 15CR437, and 15CR752 when she committed the new felony offenses, K.S.A. 2016 Supp. 21-6606(c) mandated that the district court impose the sentences consecutively. K.S.A. 2016 Supp. 21-6819(a) permits a district court to impose sentences concurrently if not doing so would "result in a manifest injustice." But Nguyen made no manifest injustice argument at the time of her sentencing and does not assert one now. Thus, her second claim also fails.

Affirmed.

4